File No. 3733-10

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT PITTS, ) | |
| ) | No. 16 CV 11498 |
| Plaintiff, ) | |
| v. ) | Honorable Judge |
| ) | Sarah L. Ellis |
| DAVID ROSARIO, JOHN SANSONE, ) | |
| JEFF KRUSZEWSKI, and MILTON ) | |
| BOZEMAN ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S THIRD AMENDED COMPLAINT AT LAW**

**INTRODUCTION**

1. Plaintiff, Herbert Pitts ("Pitts") brings this civil action pursuant to 42 U.S.C. §1983 against Lieutenant David Rosario, Officer John Sansone, Officer Jeff Kruszewski, and Sergeant Milton Bozeman for their deliberate indifference to plaintiff's health and failure to provide humane living conditions while Pitts was a pre-trial detainee at the Cook County Department of Corrections, located at 2700 S. California Avenue, Chicago, Illinois from November 11, 2016, until June 29, 2017. Pitts alleges that the defendants violated his rights under the United States Constitution and is seeking compensatory and punitive damages from the defendants.

**JURISDICTION AND VENUE**

2. This lawsuit is brought pursuant to 42 U.S.C. §1983 against defendants for their actions under color of state law in violation of the Constitution of the United States. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1331, 1343 (a)(3), in that this

1

action is brought to redress deprivation, under color of law, of rights secured by the Constitution of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391(2) on the grounds that all of the conduct at issue took place in the Northern District of Illinois.

## PARTIES

4. Plaintiff, Herbert Pitts, was at all times alleged a pre-trial detainee at Cook County Correctional Facility, located at 2700 S. California, Chicago, Illinois 60608.

5. At all pertinent times, defendant, Lieutenant David Rosario ("Lieutenant Rosario"), was an employee of the Cook County Sheriff's office, working at the Cook County Department of Corrections, Division 11. He is being sued in his individual capacity.

6. At all pertinent times, defendant, Officer John Sansone, ("Officer Sansone"), was an employee of the Cook County Sheriff's office, working at the Cook County Department of Corrections, Division 11. He is being sued in his individual capacity

7. At all pertinent times, defendant, Officer Jeff Kruszewski ("Officer Kruszewski"), was an employee of the Cook County Sheriff's office, working at the Cook County Department of Corrections, Division 11. He is being sued in his individual capacity.

8. At all pertinent times, defendant, Sergeant Milton Bozeman ("Sergeant Bozeman"), was an employee of the Cook County Sheriff's office, working at the Cook County Department of Corrections, Division 11. He is being sued in his individual capacity.

## EXHAUSTION

9. Plaintiff has exhausted all available administrative remedies.

## GENERAL ALLEGATIONS

10. From November 21, 2016, through June 29, 2017, Pitts was a pre-trial detainee at the Cook County Correctional Center, Division 11.

11. Upon arrival and for some time thereafter, in Division 11, in violation of the Cook County Inmate Handbook, Pitts was denied access to personal hygiene products which were to be provided by Cook County Department of Corrections.

12. While residing in Division 11, Cook County Department of Corrections failed to provide Pitts with clean uniforms and linens at the intervals set forth in the Cook County Department of Corrections Inmate Information Handbook.

13. While residing in Division 11, Pitts witnessed rodents and pests residing in his tier and cell, which left droppings on his mattress and clothing.

14. The above-mentioned rodents and pests bit Pitts on numerous occasions while he slept and created unsanitary conditions.

15. Pitts wrote numerous grievances and repeatedly called the Cook County Jail in-house hotline to report pests and unsanitary conditions.

16. Pitts was required to shower in a room which routinely had large amounts of visible black mold.

17. Despite numerous grievances to correctional officers and requests for cleaning supplies to clean his cell, his linens, and the common areas of the tier, none were provided to Pitts.

18. In March 2017, an issue with the plumbing in Division 11 resulted in Pitts' tier and cell being without running water for over twenty-four hours.

19. After the plumbing issue was resolved and for days thereafter, the water flowing out of Pitts' cell sink contained particles of rust and other debris.

20. As a result of these conditions, Pitts suffered reoccurring headaches; a long-term sinus infection; aggravation of his asthma; rashes on his feet; a rash on his body; bites from pests living inside his cell; and irritated eyes, nose and throat.

### COUNT I- FAILURE TO PROVIDE HUMANE LIVING CONDITIONS - LIEUTENANT ROSARIO

21-31. Plaintiff repeats, realleges, and incorporates paragraphs 10-20 as paragraphs 21-31, as though fully stated within.

32. Lieutenant Rosario, at all times, was acting under color of law in his capacity as a correctional officer at Cook County Correctional Facility.

33. At all relevant times, Lieutenant Rosario was responsible for providing a clean sanitary environment for the inmates of Cook County Department of Corrections, including plaintiff, Herbert Pitts.

34. Lieutenant Rosario was responsible for ensuring the correction of any deficiencies that rendered the environment of Division 11 unsanitary or unsafe.

35. Lieutenant Rosario showed deliberate indifference to the substantial risk of harm posed by the conditions reported by Pitts.

36. As a result of this indifference, Pitts suffered harm due to the substandard living conditions at Cook County Jail.

4

## COUNT II- FAILURE TO PROVIDE HUMANE LIVING CONDITIONS - OFFICER SANSONE

37-47. Plaintiff repeats, realleges, and incorporates paragraphs 10-20 as paragraphs 37-47, as though fully stated within.

48. Officer Sansone, at all times, was acting under color of law in his capacity as a correctional officer at Cook County Correctional Facility.

49. At all relevant times, Officer Sansone was responsible for providing a clean sanitary environment for the inmates of Cook County Department of Corrections, including plaintiff, Herbert Pitts.

50. Officer Sansone was responsible for ensuring the correction of any deficiencies that rendered the environment of Division 11 unsanitary or unsafe.

51. Officer Sansone showed deliberate indifference to the substantial risk of harm posed by the conditions reported by Pitts.

52. As a result of this indifference, Pitts suffered harm due to the substandard living conditions at Cook County Jail.

## COUNT III- FAILURE TO PROVIDE HUMANE LIVING CONDITIONS - OFFICER KRUSZEWSKI

53-63. Plaintiff repeats, realleges, and incorporates paragraphs 10-20 as paragraphs 53-63, as though fully stated within.

64. Officer Kruszewski, at all times, was acting under color of law in his capacity as a correctional officer at Cook County Correctional Facility.

65. At all relevant times, Officer Kruszewski was responsible for providing a clean sanitary environment for the inmates of Cook County Department of Corrections, including plaintiff, Herbert Pitts.

66. Officer Kruszewski was responsible for ensuring the correction of any deficiencies that rendered the environment of Division 11 unsanitary or unsafe.

67. Officer Kruszewski showed deliberate indifference to the substantial risk of harm posed by the conditions reported by Pitts.

68. As a result of this indifference, Pitts suffered harm due to the substandard living conditions at Cook County Jail.

### COUNT IV- FAILURE TO PROVIDE HUMANE LIVING CONDITIONS - SERGEANT BOZEMAN

69-79. Plaintiff repeats, realleges, and incorporates paragraphs 10-20 as paragraphs 69-79, as though fully stated within.

80. Sergeant Bozeman, at all times, was acting under color of law in his capacity as a correctional officer at Cook County Correctional Facility.

81. At all relevant times, Sergeant Bozeman was responsible for providing a clean sanitary environment for the inmates of Cook County Department of Corrections, including plaintiff, Herbert Pitts.

82. Sergeant Bozeman was responsible for ensuring the correction of any deficiencies that rendered the environment of Division 11 unsanitary or unsafe.

83. Sergeant Bozeman showed deliberate indifference to the substantial risk of harm posed by the conditions reported by Pitts.

84. As a result of this indifference, Pitts suffered harm due to the substandard living conditions at Cook County Jail.

## PRAYER FOR RELIEF

WHEREFORE, Herbert Pitts, respectfully request relief as follows: compensatory and punitive damages against all defendants to be determined by the trier of fact.

    MOORE STRICKLAND

    BY:  /s/ Darlene Strickland
        Darlene Strickland
        Attorney for Plaintiff
        20 N. Clark Street, Suite 320
        Chicago, Illinois 60602
        (312) 578-9000
        DStrickland@moore-strickland.com